Davis *v.* Hendrickson.

## DAVIS v. HENDRICKSON,

On *certiorari* to Warren Common Pleas, in Matter of Insolvency.

The Common Pleas have not jurisdiction for the discharge of an insolvent debtor, unless he has complied with all the requirements in the act of 1830, *Harr. Comp.* 299. Giving bond upon arrest, and omitting to deliver to the officer arresting him, an inventory of his estate, &c. under oath, is not such compliance as will authorize the court to hear his application for discharge.

The court ought to receive evidence of non-compliance, and not rest on presumption of regularity of proceedings of the applicant.

Whether a bill of exceptions is proper, *quere?* But whether proper or not as such, it is good evidence of the facts occurring at the trial.

*Sherrard,* for plaintiff in *certiorari.*

*Morris,* for defendant.

The case is stated in the bill of exceptions.

This cause came on to be heard at the Court of Common Pleas holden at Belvidere, in and for the county of Warren, on Wednesday the 11th February 1835, upon the proceedings and papers filed in the cause.

The counsel for applicant, offered in evidence the papers filed and proceedings of the court, as contained in the minutes of the special term, on 16th January last. The counsel for applicant then rested, and asked the opinion of the court as to the practice in such cases. The court answered, that the practice was for the debtor to rest on showing the preliminary proceedings, and to that opinion of the court, the counsel of creditor excepted, and this, his bill of exceptions, is allowed and sealed.

The counsel for the creditor then offered John Dean, Constable, as a witness, who was duly sworn, and testified, that on the 22d October last, he had an execution against Daniel Hendrickson, in favor of Conrad Davis, Jr., in debt, issued by Garret Lacy, Esq. upon which he took the bond bearing that date, (*pro ut* same accompanying these papers) and discharged him from the execution. That he thinks this bond was taken on Friday, but being late, the said defendant gave him no inventory under oath, that night, but agreed to meet him the next Tuesday, before a Justice of the Peace, and swear to an inventory; that defendant did not meet him, or make an inventory under oath, and he returned said bond to the Justice. Counsel of defendant, then offered said bond in evidence, which was objected to by counsel for applicant, as being irrelevant, which objection, the court sustained, and to this opinion of the court, the counsel for defendant excepted, and this, his bill of exception, is allowed and sealed accordingly.

The counsel for Davis called upon the court to charge the jury that Daniel Hendrickson, not having proved either at the special court or at this term, that he made an inventory under oath when discharged from and by the Constable, is not now entitled to a verdict in his favor as an insolvent debtor.

The court charged the jury that they do not feel themselves authorized to give the charge required, not believing the law to require proof of such facts. To this opinion of the court, the counsel for Davis excepted, and this, his bill of exception, is allowed and sealed.

The opinion of the court, was delivered by

RYERSON, J. The return of this writ brings up the proceedings of the court below, in a plea of insolvency.

Davis *v.* Hendrickson.

It is manifest from the return, that the court had no jurisdiction. The debtor had been arrested by a constable, and discharged out of custody on giving *bond merely*, pursuant to the statute of 1830, *Harr. Comp.* 299. He had not made, or sworn to, any inventory of his estate and effects, as further directed by the statute. The officer therefore was guilty of an escape. The debtor was not in a *condition* to make application for his discharge as an insolvent, and had not complied with the first preliminary step to warrant the court to grant him a hearing on the subject matter of his petition. The petition ought to show this, on its face, and whatever else is requisite to give the court jurisdiction. It does not. The whole proceeding therefore is *coram non judice*, and must be set aside.

This is not all. The proceedings are not only erroneous on their face, but the plaintiff in *certiorari*, offered on the trial of the issue, to show by the Constable who made the arrest, that the inventory had not been given. This the court refused to permit, and therein erred ; and it is no answer to say that the bill of exception by which this fact was disclosed, was not properly allowed. If not strictly good as a bill of exceptions, it may be received as an authentic state of the facts, which this court may lawfully require and act upon. Let the discharge be set aside.

HORNBLOWER, C. J. and FORD, J. concurred.

*Discharge set aside.*

CITED in *Stagg* v. *Austin*, 3 *Harr.* 85 ; *Van Waggoner* v. *Coe*, 1 *Dutch.* 199 ; *Bond* v. *Cox*, 1 *Vr.* 385.